ATLANTIC RICHFIELD COMPANY, et al., Petitioners

v.

ENVIRONMENTAL PROTECTION AGENCY, Respondent

Phillips Petroleum Company, et al., Intervenors

No. 00–1389, 00–1545.

United States Court of Appeals, District of Columbia Circuit.

May 31, 2002.

Before GINSBURG, Chief Judge, and RANDOLPH and TATEL, Circuit Judges.

## JUDGMENT

PER CURIAM.

These consolidated petitions were considered on the record from the Environmental Protection Agency and the briefs and oral arguments of the parties. The court has determined that the issues presented occasion no need for a published opinion. It is

*ORDERED AND ADJUDGED* that the petitions for review be dismissed for the reasons given in the attached memorandum.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## MEMORANDUM

The petition in case no. 00–1389 was timely filed and the petitioners in case no. 00–1545 have intervened in no. 00–1389. Consequently, we need not pass upon the EPA's contention that the petition in no. 00–1545 was not timely filed. Nor need we consider the EPA's arguments that this matter is not ripe for review because we conclude that the court does not have jurisdiction of this cause: The "Accounting Memo" and "Final Rates" are not "regulation[s] promulgated" under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), *see* 42 U.S.C. § 9613(a), and the petitioners' challenge to the "Guidance" is moot.

First, the Accounting Memo and the Final Rates were not promulgated under the CERCLA. The Agency did not invoke the CERCLA and the documents do not purport to implement the CERCLA in any way. Rather, the Accounting Memo invokes the Federal Financial Management Improvement Act, 31 U.S.C. § 3512 historical and statutory notes, and both documents implement the Act.

Second, although the Guidance relates to the Agency's enforcement of the CERCLA and therefore can be deemed to have been promulgated under the CERCLA, the only aspect of the Guidance challenged by the petitioners that imposes an obligation upon the Agency beyond that imposed by the Accounting Memo is moot. The petitioners note that the Guidance "limited [the EPA's] discretion to entertain settlement offers made before EPA issued the Final Rates," but that portion of the Guidance is moot: the Agency was to entertain settlement offers using the old rates only "until the revised rates are issued," which occurred on October 2, 2000. 65 Fed.Reg. at 35,340. As the petitioners also note, the Guidance observes that "site costs, including oversight costs, will be calculated using the revised rates," but this requirement was imposed by the Accounting Memo. *See id.* at 35,341 ("Once the revised rates are issued, Superfund managers should use the revised rates to determine the full cost of Superfund site specific activities").

Finally, the petitioners argue that the Revised Methodology as a whole "directs enforcement attorneys to amend their indirect cost claims to reflect the new rates." As the petitioners acknowledge, however, the Guidance simply carves out a limited exception from such a rule for cases in which there are "special circumstances." *Id.* at 35,340. To the extent the EPA is required to seek in court costs calculated under the new methodology, that is a function of the requirement in the Accounting Memo that the EPA "use the revised rates to determine the full cost of Superfund site specific activities" and that the EPA "no longer compute, nor issue, as provisional or final, indirect cost rates based upon the [old] methodology." *Id.* at 35,341.